UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                - against –

CLYDE MILLER,

                Petitioner.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CR-415 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 13, 2018, following a three-day trial, a jury convicted Petitioner Clyde Miller for, among other things, conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i) ("Count One"), possessing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (Jury Verdict, Docket Entry No. 67; Trial Tr. ("Tr."), Docket Entry Nos. 69-72.) On December 4, 2019, Petitioner moved to vacate his conviction under Count Three arguing that the superseding indictment's failure to charge an element of Count Three divests the Court of subject matter jurisdiction and that the Court's failure to instruct the jury on this element constituted plain error. (Pet'r's Mot. to Vacate ("Pet.") 1 & n.1, Docket Entry No. 88.) On January 13, 2020, the Government opposed the petition. (Gov't Opp'n to Pet. ("Gov't Opp'n"), Docket Entry No. 90.)

For the reasons discussed below, the Court denies the petition.

**I. Background**

### a. Count Three

Count Three of the superseding indictment, which tracked the language of 18 U.S.C. § 922(g)(1), charged as follows: "On or about April 17, 2017, within the Eastern District of New York, the defendant CLYDE MILLER, also known as 'Quan Miller,' having previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Hi-Point .380 caliber pistol, and ammunition." (Superseding Indictment 2, Docket Entry No. 21.)

### b. Relevant evidence at trial

At trial, Miller stipulated that, "prior to April 17, 2017," i.e., the date he was arrested with the loaded firearm in the instant case, he "was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year." (Tr. 226:16-24; Ex. 20.)

### c. Jury instruction

With regard to the knowledge element of Count Three, the Court instructed the jury, in relevant part, that the Government must prove beyond a reasonable doubt "that on April 17, 2017, the defendant knowingly and intentionally possessed a firearm," (Tr. 361:14-16), and that "the defendant does not dispute that he knowingly and intentionally possessed the firearm," (Tr. 362:7-8). The Court did not instruct the jury that it must also find that Miller knew he had previously been convicted of an offense punishable by more than one year in prison. Miller did not request such an instruction or object to its omission.

### d. Supreme Court's decision in *Rehaif v. United States*

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (June 21, 2019), in which it held that the word "knowingly" in 18 U.S.C. § 922(g) "applies both to the defendant's conduct and the defendant's status." --- U.S. at ---, 139 S. Ct. at

2194. Thus, in a § 922(g) prosecution, the government must prove "that the defendant knew he possessed the firearm *and also that the defendant knew he had the relevant status when he possessed it*." *Id.* (emphasis added); *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) ("[T]o obtain any conviction under § 922(g), the government must prove that the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'" (quoting *Rehaif*, --- U.S. at ---, S. Ct. at 2194)), *cert. denied sub nom. Mack v. United States*, 141 S. Ct. 2806 (June 21, 2021). The Second Circuit has since held that "[t]o find [a defendant] guilty of a violation of § 922(g)(1), a properly-instructed jury would have to find, beyond a reasonable doubt, that [the defendant] knew he was a person convicted of a felony, or 'a crime punishable by imprisonment for a term exceeding one year.'" *Miller*, 954 F.3d at 558 (quoting 18 U.S.C. § 922(g)(1)); *see also United States v. Morales*, 819 F. App'x 53, 55 (2d Cir. 2020) (explaining that because "[s]ection 922(g) targets only a specific class of felonies defined as those 'punishable by . . . a term exceeding one year' and as such excludes many nonviolent felonies," it is "not enough to show that [a defendant] knew that []he had been convicted of a felony — the evidence must show that [the defendant] knew []he had been convicted of a crime *punishable by more than one year in prison*" (citing *Rehaif*, --- U.S. at ---, 139 S. Ct. at 2198)).

    e.   **Defendant's motion**

On December 4, 2019, Petitioner moved to vacate his conviction under Count Three pursuant to *Rehaif*, arguing that the superseding indictment's failure to charge *Rehaif*'s knowledge-of-status requirement divests the Court of subject matter jurisdiction and that the Court's failure to instruct the jury that "it needed to make a finding that he knew at the time of the charged possession that he was in a category of persons prohibited from possessing firearms" constituted plain error. (Pet. 1 & n.1.) The Government opposed the petition. (Gov't Opp'n.)

3

II. **Discussion**

    a. **Standard of review**

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can . . . be brought in a . . . § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))). While section 2255(a) refers to a petitioner's motion to "vacate, set aside or correct" a criminal sentence, this provision permits challenges to both a petitioner's sentence and conviction. "As a practical matter, courts routinely allow federal prisoners to challenge their conviction, in addition to their sentence, under § 2255(a). For that purpose, the word 'sentence' in § 2255(a) is understood to encompass both the conviction and the sentence."[1] *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010).

---

[1] Neither party states the standard to be applied to Miller's motion. Because Miller does not request a new trial, the Court construes his motion as a petition to vacate his conviction pursuant to 28 U.S.C. § 2255 rather than a motion to vacate pursuant to Federal Rule of Criminal Procedure 33. Fed. R. Crim. P. 33 ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.") The Court notes that one other court in this district has found that 28 U.S.C. § 2255 does not apply to a motion to vacate brought by a petitioner who has not yet been sentenced. *See Rivera v. United States*, No. 11-CV-5579, 2012 U.S. Dist. LEXIS 13534, at *4 (E.D.N.Y. Feb. 1, 2012) ("Since petitioner has not been sentenced and, therefore, no judgment of conviction has yet been entered against him, [s]ection 2255 is, by its terms, inapplicable."); *Whaley v. United States*, No. 11-CV-5471, 2011

4

In order to prevail on a § 2255 petition, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). "A motion under § 2255 is not a substitute for an appeal." *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998) (quoting *United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998)).

      **b.**    **The Court has subject matter jurisdiction**

Miller "acknowledge[s] that the Second Circuit recently ruled an 'indictment's failure to allege' the *Rehaif* knowledge element is 'not a jurisdictional defect'" but "maintain[s] that" this failure "divests the Court of subject matter jurisdiction." (Pet. 2 n.1 (quoting *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019)).)

The Government argues that Miller does not offer "any explanation or support" for his argument that the failure to instruct the jury on this element divests the Court of subject matter jurisdiction and the Second Circuit "rejected this very argument in *Balde*, 943 F.3d at 191–92." (Gov't Opp'n 5 n.3.)

Under *Balde*, the indictment's failure to allege the *Rehaif* knowledge element does not divest the Court of subject matter jurisdiction. In *Balde*, the Second Circuit explained that *Rehaif*'s knowledge requirement "is best understood as telling us 'what conduct [the statute]

---

U.S. Dist. LEXIS 152823, at *3 (E.D.N.Y. Feb. 1, 2011) (same). The Court further notes that while "habeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature," "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *Wall v. United States*, 619 F.3d 152, 154 & n.2 (2d Cir. 2010) (first citing *United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984); and then citing *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002)).

prohibits' and how the statute would be violated, which is ultimately a merits question and not one that affects the jurisdiction of the court to adjudicate the case." 943 F.3d at 90 (citing *United States v. Prado*, 933 F.3d 121, 137 (2d Cir. 2019)). "Therefore, an indictment that does not clearly indicate that the defendant is required to know he or she is in a prohibited category may be deficient in some way . . . , but its absence does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case." *Id.*; *see also United States v. Bryant*, 976 F.3d 165, 173 (2d Cir. 2020) ("As we held in *Balde*, omission of the knowledge-of-status requirement in a charging document does not affect the district court's jurisdiction." (citing *Balde*, 943 F.3d at 92)), *cert. denied*, 141 S. Ct. 2825 (June 21, 2021). Contrary to the Second Circuit's ruling, Miller fails to offer any explanation or support for his argument that the failure to instruct the jury on the *Rehaif* knowledge element is a jurisdictional defect.

Accordingly, the Court denies Miller's petition to vacate his conviction under Count Three for lack of subject matter jurisdiction.

      **c.**    **The failure to charge the jury on *Rehaif*'s knowledge-of-status requirement was not plain error**

Miller argues the Court must vacate his conviction under Count Three because "the jury . . . was never instructed that it needed to make a finding that he knew [of his felon status] at the time of the charged possession," the failure to submit this element to the jury constituted plain error under *Rehaif*, and the error "harm[ed] [his] substantial rights and affect[ed] the fairness, integrity and public reputation of the judicial proceedings" because the "parties did not stipulate, nor was there evidence in the record," that he had this knowledge. (Pet. 1; *see also id.* at 2 (citing *United States v. Sepulveda*, No. 18-CR-363, 2019 WL 5704398, at *11 (S.D.N.Y. Nov. 5, 2019)).)

6

The Government concedes that "the absence of an instruction requiring the government to prove that [Miller] knew of his [felon] status . . . was error under *Rehaif*" but argues that Miller cannot establish that this error affected his substantial rights or undermined the fairness, integrity, or public reputation of the trial because "[t]here is no doubt that [Miller] was aware of his status as a felon," as (1) he "stipulated to the fact that he had been convicted of a felony offense prior to his possession of the firearm and ammunition" in this case, (2) "as a result of [his] prior felony convictions, he was incarcerated for an extended amount of time," and, while incarcerated, "sent a handwritten letter" to a federal judge "in which he detailed his years of custody," and (3) "courts of appeal have upheld pre-*Rehaif* convictions under plain error review when the defendant . . . has a history of lengthy prison sentences." (Gov't Opp'n 3–4.)

To establish plain error, a defendant must demonstrate:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Morales*, 819 F. App'x at 54 (quoting *Miller*, 954 F.3d at 557–58) (reviewing *Rehaif* challenge to § 922(g)(1) conviction for plain error); *Bryant*, 976 F.3d at 173–74 (quoting *United States v. Bastian*, 770 F.3d 212, 219–20 (2d Cir. 2014)) (same).

The parties agree that the Court's failure to instruct the jury that it must find Miller knew of his felon status at the time he possessed the loaded firearm was error under *Rehaif*. (Pet. 2; Gov't Opp'n 3.) They dispute whether the error affected Miller's substantial rights and whether it seriously affected the fairness, integrity, or public reputation of judicial proceedings.[2]

---

[2] The parties also appear to dispute what evidence the Court may rely on in its analyses. Relying on *United States v. Sepulveda*, No. 18-CR-363, 2019 WL 5704398, at (11 (S.D.N.Y. Nov. 5, 2019), Miller argues that the court is bound by the trial record. (*See* Pet. 2 (arguing that Miller's conviction "suffers from the same deficiencies" as the *Sepulveda* defendant's conviction

7

### i. The Court declines to decide whether the error affected Miller's substantial rights

To establish that an error affected a defendant's substantial rights, the defendant "in the ordinary case . . . must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, --- U.S. ---, ---, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)); *Bryant*, 976 F.3d at 174 ("In determining whether the error affected 'substantial rights' under the third prong, the Supreme Court has explained that 'in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))). "In assessing the effect of the erroneous jury instructions on [a defendant's] substantial rights, [courts] consider the weight of the trial evidence bearing on the omitted element and whether the omitted element was essentially uncontroverted" and "ask whether [they] can conclude, beyond a reasonable doubt,

---

because "[t]he parties did not stipulate to Mr. Miller's knowledge of his status at the time of his charged firearm possession" and "there was no evidence in the trial record that proves the knowledge that *Rehaif* requires"). The Government argues that the Court may look beyond the trial record, noting that "the court in *Sepulveda* did not have the benefit of the Second Circuit's precedential opinion" in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), in which the Second Circuit "considered whether a defendant's substantial rights were affected by a trial court's failure to properly instruct a jury regarding the knowledge element of 18 U.S.C. § 922(g)(5)" and "anticipated and endorsed a reviewing court looking beyond the four corners of the trial record when considering the third and fourth prongs of the plain error standard." (Gov't Opp'n 4 n.2 (citing *Balde*, 943 F.3d at 97)); *see Balde*, 943 F.3d at 97 ("We can conceive of cases in which there would be a plausible argument that a *Rehaif* error had no impact on a defendant's conviction by a jury or decision to plead guilty."). As discussed below, the Second Circuit has since clarified that, in analyzing the plain error standard's third prong, courts are limited to "evidence actually presented to the jury," and in analyzing the standard's fourth prong in the context of a pre-*Rehaif* § 922(g)(1) challenge, courts may also consider "reliable evidence in the record on appeal." *United States v. Miller*, 954 F.3d 551, 557–60 (2d Cir. 2020) (explaining that because the defendant "stipulated to his § 922(g)(1) qualifying status, at trial he likely would have sought to exclude, and would have been successful in excluding, the details pertaining to his prior offense as unnecessary and prejudicial," and "[w]e will not penalize the government for its failure to introduce evidence that it had but that, prior to *Rehaif*, it would have been precluded from introducing").

8

that a properly-instructed jury would have returned the same verdict." *Morales*, 819 F. App'x at 54 (quoting *Miller*, 954 F.3d at 557–58). "[I]n doing so, [courts] consider only the evidence that was actually presented to the jury." *Id.* (citing *Miller*, 954 F.3d at 557–58).

The only evidence the Government cites that was presented to the jury is Miller's stipulation. As noted above, Miller stipulated that "prior to April 17, 2017, . . . [he] was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year." (Tr. 226:16-24; Ex. 20.) In *United States v. Miller*, the defendant similarly stipulated that "[p]rior to December 21, 2010, [he] was convicted of a crime punishable by imprisonment for a term exceeding one year." 954 F.3d at 558 n.18. The Second Circuit described this stipulation as failing to "mention the duration of [the defendant's] sentence or his knowledge of whether he had a felony conviction," noting that "the government proffered no further evidence on his prior conviction or knowledge." *Id.* at 558–59. The court acknowledged that, "given the rights to appointed counsel, effective assistance of counsel, and due process, it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment," and further recognized that the defendant and his counsel "never suggested to the jury that [the defendant] was unaware that his prior conviction carried a potential sentence of over one year's imprisonment." *Id.* at 559. Nevertheless, the Second Circuit believed that "the substantial-rights analysis in [the defendant's] case is a difficult one, given the paucity of factual development at trial pertaining to a question that was not discerned before *Rehaif* was decided." *Id.* Therefore, it "decline[d] to decide whether a properly-instructed jury would have found that [the defendant] was aware of his membership in § 922(g)(1)'s class" and instead resolved the case "on the fourth prong of plain-error review." *Id.* Consistent with the Second Circuit's decision in *Miller*, the Court declines to decide whether a

9

properly instructed jury would have found that Miller was aware of his membership in § 922(g)(1)'s class and instead resolves the case on the fourth prong of plain error review.[3]

### ii. The error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings

In considering whether vacating a pre-*Rehaif* § 922(g)(1) conviction would seriously affect the fairness, integrity, or public reputation of judicial proceedings, courts "are not confined to the trial record, but rather can look at 'reliable evidence in the record on appeal that was not a part of the trial record,' such as a presentence investigation report." *Morales*, 819 F. App'x at 54 (quoting *Miller*, 954 F.3d at 560).

Miller's PSR indicates that he served more than a year of imprisonment for both of his prior felony convictions. (PSR ¶¶ 46–47.) Miller's handwritten letter to Judge Joseph R. Goodwin detailing his years of custody for his 2005 felony further demonstrates his awareness of his felony status. (Def.'s Letter dated Sept. 16, 2009, annexed to Gov't Opp'n as Ex. A, Docket Entry No. 92-1.) This "removes any doubt that [Miller] was aware of his membership in § 922(g)(1)'s class" and that the failure to instruct the jury on *Rehaif*'s knowledge-of-status requirement did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Miller*, 954 F.3d at 560 (relying on the defendant's presentence investigation report, which was "reliable evidence in the record on appeal that was not a part of the trial record," in finding that the defendant was aware of his felon status because of time he had served

---

[3] In a nonprecedential opinion repeating *Miller*'s language, the Second Circuit found that where a § 922(g)(1) defendant's stipulation did not "mention the duration of his sentence or anything else indicative of [his] subjective knowledge at the time [he] possessed a gun as to whether [he] had been convicted of a crime punishable by a term of imprisonment exceeding one year," the defendant's substantial rights were affected because "no properly instructed jury would have accepted [such a] stipulation as sufficient evidence of [the defendant's] knowledge." *United States v. Morales*, 819 F. App'x 53, 54 (2d Cir. 2020). However, the defendant's stipulation in *Morales* was not set forth in the opinion. *See generally id.*

and thus failed to satisfy the fourth prong of the plain error standard); *id.* at 560 n.24 (noting that "numerous other circuits that have considered the *Rehaif* issue have likewise found no reversible error in these or similar circumstances" and collecting cases); *see Bryant*, 976 F.3d at 174–75 & 175 n.6 (stating "we have upheld felon-in-possession convictions after *Rehaif* where the defendant had actually served more than one year in prison on the prior conviction" and explaining "[t]he rationale . . . is simple: defendants who went to prison for over one year would obviously be aware that the crime was punishable by more than one year in jail (and are not likely to have forgotten)" (citing *Miller*, 954 F.3d at 560)); *United States v. Johnson*, 820 F. App'x 29, 34 (2d Cir. 2020) ("[W]here a defendant has served a prison sentence of more than a year, it is presumed that he knows of his status as a felon under § 922(g)(1)." (citing *Miller*, 954 F.3d at 560)); *see also, e.g.*, *United States v. Hollingshed*, 940 F.3d 410, 415–16 (8th Cir. 2019) (holding that a defendant's *Rehaif* challenge failed under prongs three and four of plain error standard because the defendant was sentenced to seventy-eight months' imprisonment, served four years, and later served an additional fifteen months' imprisonment after supervised release was revoked, and called his girlfriend while in prison to get her to assert ownership of the firearm); *United States v. Benamor*, 937 F.3d 1182, 1188–89 (9th Cir. 2019) (finding same where a defendant had seven felony convictions, three of which resulted in sentences of more than one year, and one of which was for being a felon in possession of a firearm and a felon in possession of ammunition).

Accordingly, the Court's failure to charge the jury on *Rehaif*'s knowledge-of-status requirement did not constitute plain error.

### III. Conclusion

For the reasons discussed above, the Court denies Miller's petition to vacate his conviction with respect to Count Three of the superseding indictment.

Dated: August 23, 2022
       Brooklyn, New York

                                    SO ORDERED:

                                        s/ MKB

                                  MARGO K. BRODIE
                                  United States District Judge