UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

- against -

CLYDE MILLER,

Petitioner.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CR-415 (MKB)
26-CV-2971 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 13, 2018, following a three-day trial, a jury convicted Petitioner Clyde Miller, also known as "Quan Miller," of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i) ("Conspiracy to Distribute Charge"), possession of a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Firearm Possession during a Drug Trafficking Crime Charge"), and possession of a firearm after a prior felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Firearm Possession with a Prior Felony Charge"). (Jury Verdict, Docket Entry No. 67; Trial Tr. ("Tr."), Docket Entry Nos. 69–72; J., Docket Entry No. 112.) The Court sentenced Miller to 180 months imprisonment consisting of 120 months on the Conspiracy to Distribute Charge, 60 months on the Firearm Possession During a Drug Trafficking Crime Charge, to run consecutive to the Conspiracy to Distribute Charge, and 60 months on the Firearm Possession with a Prior Felony Charge, to run concurrent with the Conspiracy to Distribute Charge. (J.)

On May 18, 2026, proceeding *pro se* and currently incarcerated at Ray Brook Federal Correctional Institution, Miller filed the above-captioned petition to vacate, set aside, or correct his conviction and sentence (the "Petition") pursuant to 28 U.S.C. § 2255 alleging that he was

denied effective assistance of counsel.[1] Miller requests that the Court vacate the Judgment, grant a new trial, grant an evidentiary hearing, and grant any further relief the Court deems just and proper. (Pet. 25, 33–34.) For the reasons explained below, the Court denies Miller's Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. Background

Miller appealed both his conviction and his sentence. On December 4, 2019, Miller petitioned to vacate his conviction under the Firearm Possession with a Prior Felony Charge, arguing that the Superseding Indictment's failure to charge an element of the crime divests the Court of subject matter jurisdiction and that the Court's failure to instruct the jury on this element constituted plain error; the Government opposed. (Pet. to Vacate Conviction 1 & n.1, Docket Entry No. 88; Gov't Opp'n to Pet. to Vacate Conviction, Docket Entry No. 90.) On August 23, 2022, the Court denied Miller's petition. (Mem. & Order dated Aug. 23, 2022; Docket Entry No. 98.) Miller appealed on August 29, 2022,[2] (Not. of Appeal, Docket Entry No. 99), but he subsequently withdrew his appeal via stipulation with the Government. (*See* Summary Order No. 22-1886 dated Feb. 21, 2023, Docket Entry No. 106.)

---

[1] (Petition ("Pet."), Docket Entry No. 116; Suppl. Pet., Docket Entry No. 117; Gov't Mem. in Opp'n to Pet. ("Gov't's Opp'n"); Docket Entry No. 118.) Miller's Petition and Supplemental Petition are substantively identical, and therefore the Court only cites to Miller's Petition. Miller's Petition consists of an appeal form, a memorandum in support of the Petition, a supplemental memorandum in support of the Petition, the Superseding Indictment (Docket Entry No. 21), the Jury Verdict, and the jury instructions from his trial. (*See* Pet.) Because the Petition includes multiple documents with their own internal pagination, the Court refers to the portable document format ("PDF") page numbers of Miller's Petition.

[2] On September 1, 2022, Miller moved to continue sentencing pending the resolution of his appeal. (Mot. to Cont. Sentencing, Docket Entry No. 100.) On September 2, 2022, the Court granted Miller's motion to adjourn his sentencing *sine dine*. (Order dated Sep. 2, 2022.)

The Court sentenced Miller and entered Judgment on November 2, 2023. (Min. Entry dated Nov. 2, 2023.) Miller appealed the Judgment that same day, (*see* Not. of Appeal, Docket Entry No. 111), arguing (1) evidence seized from him during a search incident to his unlawful arrest should have been suppressed; (2) there was insufficient evidence to convict him of the Conspiracy to Distribute Charge; and (3) the conviction on the Firearm Possession with a Prior Felony Charge should be vacated as unconstitutional given the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rehaif*, 588 U.S. 225 (2019). (Summary Order No. 23-7699 dated Sep. 26, 2025, Docket Entry No. 114.) On September 26, 2025, the Second Circuit affirmed the Judgment and rejected all of Miller's arguments. (*Id.* at 11.)

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States" or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Medunjanin v. United States*, 99 F.4th 129, 133 (2d Cir. 2024) ("Under 28 U.S.C. § 2255(a), a prisoner may petition a district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States, . . . or [the sentence] is otherwise subject to collateral attack.'" (alterations in original) (quoting 28 U.S.C. § 2255(a))); *Gomez v. United States*, 87 F.4th 100, 106 (2d Cir. 2023) ("A federal inmate may move the district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States . . . or [the

sentence] is otherwise subject to collateral attack.'" (alterations in original) (quoting 28 U.S.C. § 2255(a))); *Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can [ ] be brought in a [ ] § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))). In order to prevail on a Section 2255 petition, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)); *see Tavarez v. United States*, 81 F.4th 234, 240 (2d Cir. 2023) ("Our [c]ourt has long reserved § 2255 relief for prejudicial errors that are so grave, they result in a complete miscarriage of justice." (alteration omitted) (internal quotation marks omitted)). When a defendant attacking his or her sentence is proceeding *pro se*, the court must "read [the defendant's] submissions broadly so as to determine whether they raise any colorable legal claims." *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)); *see Price v. Hale Glob., Patch*, No. 25-267, 2026 WL 1001826, at *1 (2d Cir. Apr. 14, 2026) (summary order) ("[W]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (alteration in original) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017))); *Wang v. Dreisbach*, No. 24-2249, 2025 WL 2674130, at *1 (2d Cir. Sep. 18, 2025) (summary order) (quoting *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025)) (same); *Walker*, 130 F.4th at 297 (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)) (same); *Brock v. City of New York*, 2024 WL 3493495, at *2 (2d Cir. July 22, 2024)

(summary order) (quoting same); *Kravitz*, 87 F.4th at 119 (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)) (same). "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [district court] must dismiss the motion." *Seabrook v. United States*, No. 22-841, 2023 WL 7489961, at *2 (2d Cir. Nov. 13, 2023) (summary order) (internal quotation marks omitted)).

**b. Discussion**

Miller makes three arguments to support his claim that his trial counsel ("Trial Counsel") was ineffective: (1) failure to object to an allegedly defective mens rea jury instruction; (2) failure to object to a missing aiding and abetting instruction on the Firearm Possession during a Drug Trafficking Crime Charge; and (3) failure to object to a proper unanimity instruction. (*See* Pet. 23.) Miller also argues that his appellate counsel ("Appellate Counsel") was ineffective because he failed to raise constitutional claims on direct appeal. (*Id.*) In addition, he argues that the cumulative effect of these alleged deficiencies deprived him of a fair trial. (*Id.* at 24.)

"The Sixth Amendment right to counsel 'is the right to the effective assistance of counsel.'" *Buck v. Davis*, 580 U.S. 100, 118 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)); *Purcell v. United States*, 158 F.4th 441, 449 (2d Cir. 2025) (same). "A defendant who claims to have been denied effective assistance must show both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." *Buck*, 580 U.S. at 118 (citing *Strickland*, 466 U.S. at 687); *see also Sexton v. Beaudreaux*, 585 U.S. 961, 965 (2018) ("To prove ineffective assistance of counsel, a petitioner must demonstrate both deficient performance and prejudice." (citing *Strickland*, 466 U.S. at 687)); *United States v. Overton*, 24 F.4th 870, 880 (2d Cir. 2022) ("To establish ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's representation 'fell below an objective standard of reasonableness,' and (2) this deficient performance caused prejudice to the defendant

— that is, 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *Strickland*, 466 U.S. at 688, 694)). "Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' . . . counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (first alteration in original) (quoting *Strickland*, 466 U.S. at 690); *see also Bell v. Cone*, 535 U.S. 685, 698 (2002) (stating that "'[j]udicial scrutiny of a counsel's performance must be highly deferential' and that 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time'" (alterations in original) (quoting *Strickland*, 466 U.S. at 689)); *Purcell*, 158 F.4th at 450 (quoting *Strickland*, 466 U.S. at 689) (same); *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020) (quoting *Jackson v. Conway*, 763 F.3d 115, 153 (2d Cir. 2014)) (same). While it is possible that, in certain instances, even "an isolated error" can support an ineffective assistance claim, "it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011); *see also Carew v. Morton*, 150 F.4th 150, 164 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 1849, (2026) ("[E]ven if there is reason to think that counsel's conduct was far from exemplary, a court still may not grant relief if the record does not reveal that counsel took an approach that no competent lawyer would have chosen." (quoting *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (per curiam))).

In reviewing a claim of ineffective assistance of counsel, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

the challenged action might be considered sound trial strategy." *United States v. Garcia*, Nos. 24-923, 24-1468, 2025 WL 1482438, at *4 (2d Cir. May 23, 2025) (summary order) (quoting *Strickland*, 466 U.S. at 689); *see also Bierenbaum v. Graham,* 607 F.3d 36, 51 (2d Cir. 2010) (quoting same). A single error by counsel may require reversal, but it must be "sufficiently egregious and prejudicial" under the totality of the circumstances. *See Harrington*, 562 U.S. at 111 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "[A] petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy." *Brown v. United States*, No. 16-CR-297, 2023 WL 4551682, at *5 (E.D.N.Y. July 14, 2023) (alteration in original) (quoting *Singleton v. Duncan*, No. 03-CV-561, 2006 WL 73734, at *14 (E.D.N.Y. Jan. 10, 2006)); *United States v. Sadler*, No. 16-CR-297, 2021 WL 2037863, at *4 (E.D.N.Y. May 21, 2021) (quoting same); *Singleton*, 2006 WL 73734, at *14 (citing *Jones v. Barnes*, 463 U.S. 745, 752 (1983)).

**i. Trial Counsel's failure to object to the mens rea instruction did not constitute ineffective assistance of counsel**

Miller first argues in support of his Petition that Trial Counsel was deficient for failing to object when the Court instructed the jury on the required mens rea element for the Conspiracy to Distribute Charge. (Pet. 16.) Miller contends that 21 U.S.C. § 841 "requires proof that the defendant acted [] knowingly and intentionally," and the jury was instead instructed on a mens rea of "knowingly and willingly." (*Id.*) Miller argues that the omission of the mens rea element allowed the jury to convict him without finding the required criminal intent. (*Id.* at 21.) Miller contends that this prejudiced him by (1) lowering the burden of proof for the Conspiracy to Distribute Charge, (2) violating his due process, and (3) undermining the reliability of the verdict. (*Id.*) Miller further argues that had the proper instruction been given, there is a reasonable probability that the jury would have reached a different verdict. (*Id.*)

The Government argues that Trial Counsel's failure to object to the mens rea instruction did not constitute ineffective assistance of counsel, but in fact served Miller's interest by applying a higher mens rea standard. (Gov't's Opp'n 4.) The Court's jury instruction defined willfulness as acting "intentionally and with the specific intent to do something that the law forbids." (*Id.*) The Government contends that although the Miller's indictment used "intentional," and the jury charge used "willful," this substitution was in no way prejudicial because the Court applied a more stringent standard. (*Id.*) "[W]here a jury convicts under a more demanding mens rea standard, the requirements of the less demanding standard are necessarily met." (*Id.* (citing *United States v. George*, 386 F.3d 383, 398 (2d Cir. 2004)).) Since the jury convicted Miller under the willful standard, "there is no reasonable probability it would have reached a different verdict under the lower intentional standard." (*Id.*)

At trial, the Court deliberately substituted "intentionally" for "knowing and willfully," (Tr. 273:1–5), and defined "willfully" as "intentionally and with the specific intent to do something that the law forbids; that is, with the bad purpose either to disobey or disregard the law," (*id.* at 273:6–12).

The Court finds that Miller's argument that Trial Counsel was ineffective for failing to object to the mens rea instruction is without merit because the jury instruction provided a higher mens rea standard that did not prejudice Miller. *United States v. Kelly*, 368 F. App'x 194, 198 (2d Cir. 2010) (finding that where the jury may have applied a stricter standard than necessary "the mistake was hardly plain error, as it only inured to [the defendant's] benefit by increasing the government's burden"); *see George*, 386 F.3d at 398 (observing that where the jury convicts a defendant under a "more exacting mens rea standard than necessary" then the lesser standard is also satisfied). Although Miller's indictment used "knowing and intentionally," the "willing"

instruction at trial encompassed the lesser standard of "intentionally." *See United States v. Ramsey*, No. 21-CR-495, 2023 WL 2523193, at *26 (E.D.N.Y. Mar. 15, 2023) (defining "willfully" as "to act with knowledge that one's conduct is unlawful and with the *intent* to do something the law forbids" (emphasis added)), *aff'd*, No. 23-7211, 2024 WL 5199288 (2d Cir. Dec. 23, 2024) (summary order); *see also Narvaez v. United States*, Nos. 95-CR-941; 02-CV-2308, 2003 WL 21749638, at *4 (S.D.N.Y. July 29, 2003) ("While the indictment used the term 'intentional,' which the Court replaced with 'willful' in its jury charge, this instruction properly alleged, and in no way modified, the essential elements of each charged offense . . . . The discrepancy between the indictment and the jury instructions was one of semantics alone, constituting a variance that affected neither the rights nor circumstances of the petitioner.").

As a result, there is no underlying legal error within the mens rea instruction, and Miller's argument fails. *See United States v. Rahmankulov*, No. 23-6321, 2025 WL 2751901, at *3 (2d Cir. Sep. 29, 2025) (summary order) (providing that "the failure to object to the [legally correct jury] instruction does not constitute ineffective assistance"), *cert. denied*, 146 S. Ct. 2161 (2026); *United States v. D'Agostino*, 638 F. App'x 51, 54–55 (2d Cir. 2016) (holding that because the district court's jury instructions were "perfectly adequate, trial counsel could not have fallen below 'an objective standard of reasonableness' by failing [ ] to object" (quoting *Strickland,* 466 U.S. at 688)); *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) ("[F]ailure to make a meritless argument does not amount to ineffective assistance." (internal quotation marks omitted)); *Pagan v. United States*, No. 10-CR-392-1, 2025 WL 835867, at *3 (S.D.N.Y. Mar. 17, 2025) ("That 'counsel did not object to a charge that was legally correct . . . does not fall below the objective standard of reasonableness as is required to prove that his counsel was constitutionally ineffective.'" (alteration in original) (quoting *Naranjo v. United States*, No. 13-

CR-351, 2019 WL 7568186, at *6 (S.D.N.Y. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 174072 (S.D.N.Y. Jan. 13, 2020))).

Moreover, Miller has not demonstrated prejudice by the substitution of "willfully" for "intentionally" in the jury instructions. In fact, Miller benefited from this substitution, as the use of "willfully" in the jury instructions increased the Government's burden of proof. *See George*, 386 F.3d at 398. Therefore, Miller cannot prove ineffective assistance of counsel based on this argument.

**ii. Trial Counsel's failure to object to a missing aiding and abetting instruction on the Firearm Possession during a Drug Trafficking Crime Charge did not constitute ineffective assistance of counsel**

Miller argues Trial Counsel was ineffective because the indictment charged Miller with 18 U.S.C.A. § 2(A) (aiding and abetting), the jury was not instructed on this charge, and Trial Counsel failed to object to the missing jury instruction for aiding and abetting in connection with the Firearm Possession during a Drug Trafficking Crime Charge of the indictment. (Pet. 21–22 (first citing *Rosemond v. United States*, 572 U.S. 65 (2014); and then citing *United States v. Delgado*, 972 F.3d 63 (2d Cir. 2020)).)

The Government argues that Trial Counsel's failure to object to missing instruction does not constitute ineffective assistance of counsel, and Miller fails to show prejudice. (Gov't's Opp'n 4.) The Government contends that aiding and abetting is an alternative theory of liability that the Government charged in the indictment, and because Miller conceded at trial that he possessed a loaded gun, the jury had no reason to consider the aiding and abetting theory. (*Id.* at 4–5.) Moreover, the Government argues that the omission of this instruction may have prejudiced the Government, but not Miller. (*Id.* at 5.)

There is no error in the jury charge because the jury found that Miller possessed the firearm during and in relation to the drug trafficking crime, and therefore there was no need for

the jury to consider the aiding and abetting theory of liability. To prove a flawed jury instruction, the Second Circuit has held that "a defendant must demonstrate both error and ensuing prejudice." *United States v. Quinones*, 511 F.3d 289, 313–14 (2d Cir. 2007); *see United States v. Moses*, 109 F.4th 107, 114 (2d Cir. 2024) ("We . . . revers[e] only where appellant can show that, viewing the charge as a whole, there was a prejudicial error." (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016))); *United States v. Riccardi*, 620 F. App'x 11, 14 (2d Cir. 2015) ("A jury instruction is erroneous if it fails to convey to the jury an essential element of the charged offense."); *Quinones*, 511 F.3d at 314 ("We will reverse only where the charge, viewed as a whole, 'either failed to inform the jury adequately of the law or misled the jury about the correct legal rule.'" (quoting *United States v. Ford,* 435 F.3d 204, 209–10 (2d Cir. 2006))).

Miller's argument fails on the first step of the analysis because he fails to demonstrate error in the jury instruction. Aiding and abetting is an alternative theory of liability to hold a defendant liable as a principle for the crime committed. *See* 18 U.S.C.A. § 2(A) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *Spataro v. United States*, No. 4-CR-911, 2022 WL 16964966, at *3 (E.D.N.Y. Nov. 16, 2022) ("[U]nder an aiding and abetting theory of liability, a defendant is held liable as a principal for aiding and abetting someone else to commit a crime."). The jury found that Miller committed the crime of using or carrying one or more firearms during and in relation to a drug trafficking crime *as a principal*. (*See* J.)

In addition, Miller conceded at trial that he knowingly and intentionally possessed a firearm. (Tr. 271:13–17 ("The parties have stipulated that the weapon recovered from [Miller] on April 17, 2017, is a firearm. In addition, [Miller] does not dispute that he knowingly and intentionally possessed a firearm.").) As a result, the omission of the aiding and abetting theory

of liability from the jury instruction does not affect the jury's conviction on the Firearm Possession during a Drug Trafficking Crime Charge or constitute error.

**iii. Trial Counsel's failure to request an unanimity instruction on drug quantity did not constitute ineffective assistance of counsel**

Miller argues that Trial Counsel was ineffective because Trial Counsel failed to request a "proper unanimity instruction on drug quantity," an element of the offense. (Pet. 22–23 (citing *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005)).) Miller argues that this omission was prejudicial because it increased the mandatory minimum sentence. (*Id.* at 23.)

The Government argues that this omission does not constitute ineffective assistance of counsel. (Gov't's Opp'n 5.) First, the Government contends that the general unanimity instruction given by the Court to the jury — "[t]he decision you reach must be unanimous; you must all agree," (*id.* (citing Pet. 71)), was sufficient in this case to ensure a unanimous verdict, (*id.*). Second, the Government argues that this omission is harmless, (*id.* (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999) ("[A] jury instruction error is harmless where the court can conclude 'beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" (internal citation and quotation marks omitted)))), and the "jury's verdict would have been identical had it been instructed to limit its consideration to the narcotics evidence actually presented at trial" because the parties stipulated to the drug weight at trial, (*id.*).

At trial, the Court provided a general unanimity jury instruction: "[t]he decision you reach must be unanimous; you must all agree." (Tr. 364:23; *see also id.* at 349:25–350:3 ("Let me remind you that your decision as to whether the defendant conspired to commit a particular act, either distribution or possession with intent to distribute, must be unanimous.").) The Second Circuit has "time and again[ ] held that a general charge regarding unanimity is

ordinarily sufficient to protect the defendant's right to a unanimous verdict." *United States v. Pizzaro*, 797 F. App'x 607, 612 (2d Cir. 2020) (alteration in original) (quoting *United States v. Trupin*, 117 F.3d 678, 687 (2d Cir. 1997)); *see United States v. Ferguson*, 676 F.3d 260, 279 (2d Cir. 2011) ("A general instruction on unanimity is sufficient to insure (sic) that such a unanimous verdict is reached, except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion." (quoting *United States v. Schiff*, 801 F.2d 108, 114–15 (2d Cir. 1986))). Accordingly, the Court's instruction was sufficient to ensure a unanimous verdict in this case, since the exceptional circumstances of complex evidence or a "genuine danger of jury confusion" discussed in *Ferguson* were not present. *See Ferguson*, 676 F.3d at 279.

In addition, Miller stipulated to the drug quantity at trial. (Tr. 156–57.) Miller's argument suggests that he takes issue with Trial Counsel's decision to stipulate to the drug quantity, but there is no evidence in the record or argument by the parties that the stipulated drug amount was unreasonable or that Miller was prejudiced by the stipulated drug quantity. *See United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) ("As with trial decisions to offer or stipulate to certain evidence, decisions such as when to object and on what grounds are primarily matters of 'trial strategy and tactics,' and thus are 'virtually unchallengeable' absent exceptional grounds for doing so." (first quoting *Brown v. Artuz*, 124 F.3d 73, 77 (2d Cir.1997); and then quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004))). Accordingly, Miller's claim fails because the allegedly missing unanimity instruction fails to overcome the presumption that Trial Counsel was objectively reasonable in agreeing to the stipulated drug amount, and the Court's general unanimity instruction sufficed to protect Miller's right to a unanimous verdict. *Pizzaro*, 797 F. App'x at 612 ("The Second Circuit has "time and again[ ]

held that a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict.").

**iv. Appellate Counsel did not fail to raise constitutional claims on direct appeal**

Miller argues that Appellate Counsel was ineffective because they "omitted stronger issues while raising weaker ones" and omitted the constitutional claims of a defective mens rea instruction, missing aiding and abetting instruction, and the unanimity error on direct appeal. (Pet. 23–24.) Miller contends had those errors been raised by his Appellate Counsel, there is a reasonable probability that the conviction would have been reversed on appeal. (*Id.* at 24.)

The Government did not address this argument.

The same *Strickland* test, as described *supra* Section b.i, applies equally to a petitioner's ineffective assistance of appellate counsel claim. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("[T]he proper standard for evaluating [a petitioner's] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*[.]"); *see also Woods v. Etherton*, 578 U.S. 113, 119 (2016) (applying *Strickland* to petitioner's ineffective assistance of appellate counsel claim). Appellate counsel has no duty to advance every non-frivolous argument. *See Purcell*, 158 F.4th at 450 ("[C]ounsel has no duty to raise every non-frivolous issue that could be raised." (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015))); *Jones*, 463 U.S. at 751–54 (providing that a petitioner does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"); *see also Murray*, 477 U.S. at 536 ("This process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (internal quotation marks omitted)). To show that appellate counsel's performance was constitutionally inadequate,

a petitioner must establish that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285; *see also Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (explaining a petitioner must show that appellate "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker"). To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief" on the specific issues, "he would have prevailed on his appeal." *Smith*, 528 U.S. at 285; *see also Mayo*, 13 F.3d at 534 ("[A] petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." (internal quotation marks, alterations and citation omitted)).

As discussed *supra*, the Court finds Miller's arguments lack merit and fail to demonstrate error by Trial Counsel. Specifically, Trial Counsel was not ineffective for (1) failing to object to the mens rea instruction's use of "willfully"; (2) failing to object to the omission of the aiding and abetting theory of liability from the jury instruction; and (3) failing to request a specific unanimity instruction on drug quantity. None of Miller's arguments were meritorious, and as a result, Appellate Counsel cannot be found ineffective for failing to raise unmeritorious claims. *See Purcell*, 158 F.4th at 450 ("[C]ounsel has no duty to raise every non-frivolous issue that could be raised."); *Aparicio v. Artuz*, 269 F.3d 78, 100 (2d Cir. 2001) (finding the jury instructions were proper and the petitioner's trial counsel was not ineffective for failing to object or request an additional instruction, and therefore the petitioner's appellate counsel was not ineffective for failing to raise the meritless argument regarding jury instructions); *Lin v. Lamanna*, No. 18-CV-5005, 2021 WL 5631775, at *13 (E.D.N.Y. Dec. 1, 2021) (denying the petitioner's claim for ineffective assistance of counsel because "[a]ppellate counsel cannot be

faulted for failing to make a meritless claim"); *Proctor v. McCarthy*, No. 19-CV-2988, 2020 WL 1149660, at *22 (S.D.N.Y. Mar. 10, 2020) (holding same), *report and recommendation adopted*, 2023 WL 4562405 (S.D.N.Y. July 17, 2023); *Cumberland v. Graham*, No. 08-CV-4389, 2014 WL 2465122, at *40 (S.D.N.Y. May 23, 2014) ("Given the weakness of [p]etitioner's ineffective-assistance-of-trial-counsel claims, there is no basis for this [c]ourt to conclude that, had his appellate counsel raised those claims on appeal, they would have been successful.").

**v. The cumulative effect of the alleged errors did not amount to deprivation of a fair trial**

Miller argues that should the Court determine the alleged individual errors are harmless, the cumulative effect of the "multiple constitutional violations deprived [him] of a fair trial." (Pet. 24 (citing *United States v. Al-Moayad*, 545 F.3d 139 (2d Cir. 2009))).

The Government did not address this argument.

Miller conflates the doctrine of "cumulative unfairness," which applies to errors made by the trial *court*, *see Al-Moayad*, 545 F.3d at 178, with the Second Circuit's instruction that courts should evaluate the "totality of the evidence before the judge or jury" when evaluating the effect of "errors . . . [that] fall outside the wide range of professionally competent assistance" on an ineffective assistance of counsel claim, *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) (internal citation and quotation marks omitted). *See United States v. Brend*, No. 22-CR-551, 2024 WL 4491444, at *10 n.2 (S.D.N.Y. Oct. 15, 2024) ("Cumulative error by the trial court implicates due process, while the weight of cumulative errors by trial counsel implicates a defendant's Sixth Amendment right to effective assistance of counsel." (first citing *Al-Moayad*, 545 F.3d at 178; and then citing *Strickland*, 466 U.S. at 687–88)), *aff'd sub nom. United States v. Ochoa*, No. 24-2784, 2026 WL 1020674 (2d Cir. Apr. 15, 2026) (summary order). Interpreting Miller's *pro se* Petition generously, the Court nevertheless concludes that Trial Counsel did not

commit error as to any of the challenges raised in the Petition, and therefore there can be no cumulative effect that would sustain an ineffective assistance of trial or appellate counsel claim. *See United States v. Gramins*, 939 F.3d 429, 456–57 (2d Cir. 2019) ("Because we conclude that the admission of [the witness's] testimony did not constitute error at all, we necessarily conclude that this case does not present the same 'combination of errors' that the district court believed amounted to 'cumulative prejudice.'"); *United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999) ("[T]he accumulation of non-errors does not warrant a new trial.").

**vi. An evidentiary hearing is not warranted**

An evidentiary hearing on Miller's claims is not warranted because the record conclusively establishes that he is not entitled to relief and there are no material facts in dispute.

"Section 2255 requires the district court to hold a hearing, or to 'use methods . . . to expand the record without conducting a full-blown testimonial hearing,'" *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 397 (2d Cir. 2023) (alteration in original) (quoting *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," *id.* (alteration in original) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)); *see also United States v. Jackson*, No. 23-6281, 2024 WL 4878534, at *2 (2d Cir. Nov. 25, 2024) (summary order) (quoting 28 U.S.C. § 2255(b)). "The procedure for determining whether a hearing is necessary is in part analogous to a summary judgment proceeding. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made." *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011) (alterations omitted) (quoting *Puglisi*, 586 F.3d at 213); *Santillan v. United States*, No. 13-CR-138, 2024 WL 4276183, at *5 (S.D.N.Y. Sep. 24, 2024) (quoting same); *see Milman v. United States*, No. 24-453, 2025 WL 3264896, at *2 n.3 (2d Cir. Nov. 24, 2025) (summary order) (rejecting the petitioner's argument that the district court erred by not holding

an evidentiary hearing on her 2255 petition because "no material issue of fact [was] in dispute." (alteration in original) (quoting *United States v. Tribote*, 297 F.2d 598, 600 (2d Cir. 1961))). The Second Circuit has noted, however, that a hearing is not required if a petitioner's allegations are "vague, conclusory, or palpably incredible," *Gonzalez v. United States*, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)); *Herring v. United States*, No. 16-CR-302, 2025 WL 3124678, at *4 (S.D.N.Y. Nov. 6, 2025) (quoting same), and "'a district court has the power to dismiss the petition on the merits *without prior notice*' if it is clear 'that the petitioner is not entitled to relief,'" *Seabrook*, 2023 WL 7489961, at *2 (quoting *Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022)). *See also Jackson*, 2024 WL 4878534, at *2 ("The Supreme Court has made clear that a movant is not 'always' entitled 'to appear in a district court for a full hearing' pursuant to section 2255, and we ourselves have routinely permitted district courts 'to choose a middle road that avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.'" (first quoting *Machibroda*, 368 U.S. at 495; and then quoting *Chang*, 250 F.3d at 86)); *Margolies v. United States*, No. 23-370, 2024 WL 4501907, at *2 (2d Cir. Oct. 16, 2024) (summary order) ("[T]o obtain a hearing, a claimant 'need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim.'" (quoting *Raysor*, 647 F.3d at 494)); *United States v. Van Manen*, No. 18-CR-30, 2024 WL 3924676, at *5 (S.D.N.Y. Aug. 23, 2024) (Section 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a

prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

The Petition and record conclusively establish that Miller is not entitled to relief because Miller's arguments supporting his ineffective assistance of trial and appellate counsel claims do not plausibly support the first prong of the *Strickland* test, *see Margolies*, 2024 WL 4501907, at *2. Moreover, none of his claims raise material disputed facts that warrant an evidentiary hearing. *See Raysor*, 647 F.3d at 494; *see also Puglisi*, 586 F.3d at 214 ("[A] district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." (collecting cases)); *Oruche v. United States*, No. 20-CR-657, 2024 WL 3728702, at *5 (S.D.N.Y. Aug. 7, 2024) (quoting same).

Accordingly, the Court declines to hold an evidentiary hearing.

## III. Conclusion

For the foregoing reasons, the Court denies Miller's Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Dated: September 3, 2026
Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge